IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD L. DONALDSON,            )
                                )
         Plaintiff,             )
                                )
    v.                          ) Civil Action No. 04-79J
                                )
JO ANNE B. BARNHART,            )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
         Defendant.             )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of August, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

AO 72
(Rev. 8/82)

2001). And, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his pending application for disability insurance benefits on April 25, 2002, alleging disability beginning December 14, 2001, due to panic attacks, depression and left hip, knee, shoulder and hernia pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on June 17, 2003, at which plaintiff appeared represented by counsel. On July 22, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On February 27, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education with vocational training in welding. Plaintiff has past relevant work experience as a laborer but has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's wife, a friend and a

vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of osteoarthritis of the left knee, osteoarthritis/impingement syndrome of the left shoulder, left trochanteric bursitis, deep vein thrombosis of the left lower extremity, hypochondritis, an anxiety disorder and a personality disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at 20 C.F.R., Appendix 1 to Subpart P of Part 404.

The ALJ also found that plaintiff retains the residual functional capacity to perform less than the full range of sedentary work with enumerated restrictions recognizing the limiting effects of his impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including distribution clerk, food packer, grader/sorter and hand collator. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period

of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. <u>Id.</u>; <u>see</u> <u>Barnhart v. Thomas</u>, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. <u>See also</u> <u>Newell</u>, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §404.1520a. When there is evidence of a mental

impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. Specifically, plaintiff contends that the ALJ erred at step 3 by finding that plaintiff's impairments do not meet the criteria of any listed impairment. Plaintiff also challenges the ALJ's residual functional capacity finding at step 5 as well as his finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy. Upon a review of the record, the court finds that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's step 3 finding. At step 3, the ALJ must determine whether a claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §404.1520(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

The burden is on the ALJ to identify the relevant listed

AO 72
(Rev. 8/82)

impairment in the federal regulations that compares with the claimant's impairment. Id. at 120 n.2. The ALJ must "fully develop the record and explain his findings at step 3, including an analysis of whether and why [the claimant's] ... impairments ... are or are not equivalent in severity to one of the listed impairments." Id.

In this case, plaintiff contends that the ALJ erred in finding that plaintiff's severe impairment of deep vein thrombosis in his left leg does not meet or equal the listing at 4.11. After reviewing the record, this court is satisfied that the ALJ's step 3 analysis is adequate and his finding that plaintiff does not meet listing 4.11 is supported by substantial evidence.

Impairments of the cardiovascular system are addressed in §4.00 of Appendix 1 of the Regulations. Plaintiff contends that his diagnosis of deep vein thrombosis satisfies the listing for chronic venous insufficiency of a lower extremity at listing 4.11. That listing is met:

> [w]ith incompetency or obstruction of the deep venous system and one of the following:
>
> A. Extensive brawny edema;
> Or
> B. Superficial varicosities, stasis dermatitis, and recurrent or persistent ulceration which has not healed following at least 3 months of prescribed medical or surgical therapy.

The burden is on the claimant to present medical findings that show that his impairment matches a listing or is equal in severity to a listed impairment. Williams v. Sullivan, 970 F.2d

1178, 1186 (3d Cir. 1992). Here, however, plaintiff failed to meet that burden. As the ALJ adequately explained in his decision, the objective medical evidence of record fails to support a finding that plaintiff's deep vein thrombosis meets either the A or the B criteria of listing 4.11. (R. 12).

To the contrary, a February 2003 physical examination revealed evidence of only "very localized" edema with very minimal swelling and no calf tenderness rather than the extensive brawny edema necessary to satisfy 4.11A. (R. 306). Moreover, as the ALJ further noted, in March 2003, apart from a subacute intraluminal thrombosis formation in plaintiff's left gastrocnemius vein, his remaining veins reacted normally to compression and a physical examination demonstrated plaintiff to be neurovascularly intact with good pulses and no evidence of ulcers or lesions, results precluding a finding that plaintiff's deep vein thrombosis satisfies the B criteria of listing 4.11. (R. 379-384). Accordingly, as the objective medical evidence fails to show that plaintiff's deep vein thrombosis meets or equals either the A or B criteria of listing 4.11, the ALJ did not err in finding that the listing was not met.

Plaintiff also challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(f). Residual

functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions. 20 C.F.R. §404.1545(a).

Here the ALJ found that:

> [Plaintiff] has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for work requiring heavy lifting and carrying, prolonged sitting, standing or walking, any climbing, balancing or stair climbing, more than occasional pushing/pulling with the left upper or lower extremities, frequent interaction with the public, exposure to odors, gases or chemicals, or the performance of other than low concentration/memory job tasks (20 CFR 404.1545).
>
> . . .
>
> [Plaintiff's] residual functional capacity for the full range of sedentary work is reduced by the limitations set forth [above], his need for a sit/stand option, and the need to occasionally elevate his left lower extremity.

(R. 20).

Plaintiff's first challenge to the ALJ's step 5 finding is that the ALJ's residual functional capacity finding in his written decision differs from that he posited to the vocational expert at the hearing. This argument is belied by the record. As the Commissioner demonstrated in her brief, the ALJ's residual functional capacity finding set forth in his decision is entirely

consistent with the hypothetical he posited to the vocational expert at the hearing. (R. 20; 447-48).

The crux of plaintiff's challenge to the ALJ's step 5 finding is that the ALJ's written decision does not make explicit that the vocational expert's response that there would be jobs available for someone with plaintiff's residual functional capacity was conditioned upon the person having to elevate his leg no more than 10-15% of the time. (R. 448). Instead, the ALJ's residual functional capacity finding merely states a "need to <u>occasionally</u> elevate his left lower extremity." (R. 20).

The court is not persuaded that the ALJ's failure in his written decision to define "occasionally" is fatal to his finding that jobs exist in significant numbers in the national economy that plaintiff can perform. While it would have been prudent of the ALJ to do so, the fact remains that the vocational expert did testify at the hearing that an individual with all of the other limitations set forth along with an "occasional" need to elevate his leg, which the vocational expert defined as 10-15% of the time, would be able to perform the jobs of distribution clerk, food packer, grader/sorter and hand collator. (R. 449). The court is satisfied that the vocational expert's testimony was adequate to support the ALJ's step 5 finding that jobs exist in significant numbers in the national economy that plaintiff can perform.

Finally, the court finds no error in the ALJ's decision not to incorporate any limitation in his residual functional capacity

finding related to any vision problems, as plaintiff has failed to point to any objective medical evidence in the record indicating that he suffers from any current visual limitations. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in failing to incorporate a limitation not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ had authority to disregard a vocational expert's response to a hypothetical inconsistent with the evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Marci Miller, Esq.
    166 E. Main Street
    Somerset, PA 15501

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901